IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEMARIO WALKER, # L1625**                                                              **PETITIONER**

**V.**                                                **CIVIL ACTION NO. 5:08cv333-DCB-MTP**

**RONALD KING**                                                                          **RESPONDENT**

## ORDER

THIS MATTER is before the court on the Petitioner's Motion to Stay Proceedings [31] and Motion for Order to Obtain Records [32]. The court having considered the motions finds that they should be DENIED.

In his Motion Order to Obtain Records [32], which the court construes as a motion for discovery, Petitioner Demario Walker seeks the records of his co-defendants, Sammie L. Price and Karus Cohea. Specifically, he seeks their orders of conviction.

The Supreme Court has held that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . " Expounding on the "good cause" clause under Rule 6(a), the Supreme Court stated "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The Fifth Circuit has found that "[g]ood cause may be found when a petition for habeas

corpus relief 'establishes a prima facie claim for relief.'" *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris*, 394 U.S. at 290). However, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6 ." *Murphy*, 205 F.3d at 814.

The court finds that Petitioner has failed to show good cause to allow him to conduct discovery. Petitioner has failed to offer specific factual allegations of how the requested records would entitle him to relief. Instead, Petitioner makes the conclusory statement that these records are "relevant to [his] issues and claims in a material way." He fails to explain why or how they are relevant to any ground raised in his petition. Accordingly, Petitioner's Motion for Discovery [32] should be denied. The court will consider the submissions of the parties and the evidence currently in the record. At this time, the court has not determined that any discovery is necessary.

In his Motion to Stay Proceedings [31], Petitioner asks the court to stay this matter pending his receipt of the transcript of the proceedings before the Wilkinson County Circuit Court. Petitioner does not indicate what proceedings he is referring to, but he is apparently referring to his plea of guilty to aiding an escape. He claims that the Clerk for the Wilkinson County Circuit Court informed him that the transcription of the proceedings is not yet complete, but they will forward him a copy when the transcript is complete. He claims that the transcript will "aide in the just disposition of the cause and will allow the court to decide the case on a complete record having and knowing all of the facts." Motion [31].

Petitioner has failed to establish good cause to stay this matter pending the filing of the

transcript.[1]  The Respondent has filed the state court record in this matter.  *See* Notice of Conventional Filing [17].  In their Response [14] to the petition, Respondent states,

> A copy of the state court record (Cause No. 2008-TS-01694) is being forwarded to the clerk's office along with this Answer. Because the appeal in this case did not reach briefing stage, the record is simply a compilation of papers filed and orders issued in the appeal process prior to briefing. **Further, Respondent has attached all pertinent documents from the lower court to this Answer. Respondent is not aware of any proceedings which were recorded but have not yet been transcribed.**

Response [14] at 6-7 (emphasis added).  Based on the above statement, it is unclear as to whether the requested transcript even exists.  The court will consider the submissions of the parties and the evidence currently in the record.  Accordingly,

IT IS, THEREFORE, ORDERED that Petitioner's Motions [31][32] are DENIED.

SO ORDERED this the 8th day of June, 2009.

s/ Michael T. Parker<br>
United States Magistrate Judge

---

[1] When a petitioner has failed to exhaust all of his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  However, stay and abeyance should only be available in limited circumstances. *Rhines*, 544 U.S. at 277.  Stay and abeyance is only appropriate when three requirements are met: 1) there is "good cause for the petitioner's failure to exhaust his claims first in state court[;]" 2) the unexhausted claims are not "plainly meritless[;]" and 3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.  None of these requirements are present here.