IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEMARIO WALKER, # L1625**                                              **PETITIONER**

**V.**                                              **CIVIL ACTION NO. 5:08cv333-DCB-MTP**

**RONALD KING**                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the petition of Demario Walker for a writ of *habeas corpus* under 28 U.S.C. § 2254. Having considered the submissions of the parties, the record of the state court proceedings and the applicable law, the undersigned is of the opinion that the Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be DENIED.

PROCEDURAL HISTORY

On June 10, 2008, Petitioner Demario Walker pled guilty to aiding an escape of a felon. Petitioner was sentenced by the Circuit Court of Wilkinson County to a term of five (5) years to be served in the custody of the Mississippi Department of Corrections ("MDOC").[1] Petitioner did not file a direct appeal, as direct appeals are prohibited when a defendant enters a guilty plea pursuant to Miss. Code Ann. § 99-35-101.[2]

On August 4, 2008, Petitioner filed a motion for post-conviction relief in the Circuit Court of Wilkinson County, which the lower court denied by Order filed August 19, 2008. *See*

---

[1] Petitioner's sentence was ordered to run concurrent to the sentence he was currently serving. *See* Ex. A to Answer [14-2].

[2] "Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Miss. Code Ann. § 99-35-101. However, the Mississippi Supreme Court has carved out an exception, allowing a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

Exs. B and C to Answer [14-2]. Petitioner filed a notice of appeal on October 1, 2008, and the Mississippi Supreme Court sent him a "Show Cause Notice" on October 10, 2008, informing him that unless he could show good cause, his appeal would be dismissed as untimely. *See* Exs. D and E to Answer [14-2]. On October 29, 2008, the Mississippi Court of Appeals dismissed Petitioner's appeal *sua sponte* as untimely.[3] *See* Ex. F to Answer [14-2]. Petitioner then filed a motion to reconsider, which the Mississippi Court of Appeals denied by Order dated November 10, 2008. *See* Ex. G to Answer [14-2].

In the instant Petition for Writ of Habeas Corpus, filed on December 16, 2008, Petitioner raises the following issues: 1) Plea not knowingly, intelligently, and voluntarily given; 2) Ineffective assistance of counsel; and 3) the Mississippi Supreme Court erred in denying to hear appeal.

STANDARD OF REVIEW

As the Petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which the Petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B) (i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect

---

[3]The appellate court recognized that Petitioner responded to the show cause order claiming he did not receive the trial court's order dismissing his motion for post-conviction collateral relief until September 12, 2008. *See* Ex. F to Answer [14-2].

> the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *O'Sullivan*, 526 U.S. at 844. Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* Exhaustion results from Petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).

It is against this backdrop that Petitioner's claims must be reviewed – with the added observation that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986); *see also Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981).

## ANALYSIS

The court agrees with Respondent that the claims presented in Petitioner's Petition are procedurally barred, as they were never properly presented to the state's highest court. As discussed above, Petitioner filed a motion for post-conviction relief in the Circuit Court of Wilkinson County, and the lower court denied his motion on August 19, 2008. *See* Exs. B and C

to Answer [14-2]. Petitioner had until September 18, 2008 to appeal the lower court's denial. *See* Miss. R. App. P. 4. Petitioner filed a notice of appeal on or about September 25, 2008,[4] and the appeal was ultimately dismissed as untimely. *See* Exs. D-F to Answer [14-2]. Petitioner's motion to reconsider the dismissal was denied by the Mississippi Court of Appeals on November 10, 2008. *See* Ex. G to Answer [14-2].

Thus, by failing to timely seek review of his claims, Petitioner did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 840-41, 844-45, 847-48; *see also* 28 U.S.C.§ 2254(c) (stating that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Additionally, as the time for exhausting his claim has passed,[5] Petitioner no longer has the ability to exhaust his claims. Petitioner's failure to timely seek such review results in a procedural default of his federal habeas claims and a bar to their review by this court. *See O'Sullivan,* 526 U.S. at 848 (holding that failure to present claim to state's highest court in timely manner results in procedural default of those claims); *see also Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998)) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state

---

[4]The appeal was signed on September 25, 2008, but was not filed until October 1, 2008. Mississippi follows the "mailbox rule" with respect to motions for post-conviction relief filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000). The Fifth Circuit has held that application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect. *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006).

[5]*See* Miss. R. App. P. 4 (allowing thirty days from the date of entry of the judgment or order for filing a notice of appeal).

courts ... [,] there is no substantial difference between nonexhaustion and procedural default");

*Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen...state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

Moreover, any attempt by Petitioner to file a second motion for state post-conviction collateral relief would be dismissed as a successive writ. *See* Miss. Code Ann. § 99-39-27(9); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.")

Where a habeas claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions: "cause and actual prejudice" or "fundamental miscarriage of justice." *See Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (making this rule "explicit").

To prove cause sufficient to excuse default, Petitioner must establish that some external impediment prevented him from raising the defaulted claims: "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753. Petitioner did not file a traverse or rebuttal in response to Respondent's argument that his claims are procedurally barred. As noted above, in his response to the Mississippi Supreme Court's Show Cause Notice, Petitioner claimed that he did not receive the trial court's order dismissing his motion for post-conviction collateral relief until September 12, 2008, and he placed his Notice of Appeal in the mail on September 25, 2008, which was within thirty days of his receipt of the order. *See* Amended Petition [23] at 23-34.

5

Even if there were a delay in Petitioner receipt of the trial court's August 19, 2008 decision, Petitioner knew of the decision at least as of September 12, 2008, and thus could have filed a timely notice of appeal. However, Petitioner waited until September 25, 2008 to file his notice of appeal.[6] *See* Amended Petition [23] at 23, 26, 30. Petitioner claims he had to research applicable case law prior to filing his notice of appeal. However, Petitioner was not required to cite authority in his notice of appeal. Further, Petitioner could have promptly filed a motion for extension of time to appeal after receiving the trial court's order on September 12, 2008, yet he failed to do so. Petitioner presented this argument to the Mississippi Court of Appeals, and the court rejected his argument and dismissed his appeal as untimely. *See* Amended Petition [23] at 22-23.

Based on the record, the court agrees with Respondent that Petitioner has failed to show cause for his procedural default. As Petitioner has failed to show cause, this court "need not consider whether there is actual prejudice." *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

In addition, Petitioner cannot establish that failure of this court to consider his claims would result in a "fundamental miscarriage of justice." The fundamental miscarriage of justice exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To meet this exception, Petitioner must offer "new, reliable evidence that was not presented at trial" and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."

---

[6]*See* Ex. D to Answer [14-2].

*Id.* (citations omitted); *see also Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Petitioner pled guilty to aiding the escape of a felon, and thus, has not and cannot claim that he was "actually innocent" of the crime.[7] *See* State Court Record [43] at 30-34; 39-40 Accordingly, his claims are procedurally barred and habeas relief must be denied.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the relief sought in Demario Walker's Petition for Writ of Habeas Corpus [1] be denied and that the Petition be dismissed with prejudice.

NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[7] While Petitioner claims in his federal petition that his guilty plea was not knowingly, intelligently and voluntarily given, a review of the record establishes that no fundamental miscarriage of justice will result if his claims are not considered on the merits. Petitioner's own testimony and statements in the record and in the plea colloquy flatly contradict his claims that his plea was not voluntary and that his counsel was ineffective. *See* State Court Record [43] at 82-110.

THIS, the 24th day of July, 2009.

                                                    s/Michael T. Parker
                                                    United States Magistrate Judge