# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

DEMARIO WALKER, # L1625                                              PETITIONER

VERSUS                                  CIVIL ACTION NO. 5:08-cv-333-DCB-MTP

RONALD KING                                                          RESPONDENT

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation issued on July 7, 2009 [docket entry no. 45]. Therein, Judge Parker recommends that the petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [docket entry no. 1] be denied and dismissed with prejudice. Having considered the Report and Recommendation and the plaintiff's Objections [docket entry no. 47], having conducted a de novo review of those portions of the Report and Recommendation to which the plaintiff has objected in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Petitioner Demario Walker ("Walker" or "petitioner") plead guilty to aiding the escape of a felon in violation of Miss. Code Ann. § 97-9-29 on June 10, 2008. Subsequently, he was sentenced to serve a term of five (5) years in the Mississippi Department of Corrections, which was ordered to run consecutively with the sentence the petitioner was already serving. He filed a petition for post-conviction relief on August 19, 2008, which was denied by the Circuit Court of Wilkinson County. Thereafter, he filed a

notice of appeal with the Mississippi Supreme Court on October 1, 2008. After the petitioner failed to show good cause why his appeal should not be dismissed as untimely, the Mississippi Court of Appeals dismissed the petitioner's appeal *sua sponte* on October 29, 2008.

Walker filed his Petition for Writ of Habeas Corpus on December 16, 2008. Therein, he raise three grounds of relief: (1) guilty plea not knowingly, intelligently, and voluntarily given; (2) ineffective assistance of counsel; and, (3) the Mississippi Supreme Court erred in denying to hear his appeal.

In the Report and Recommendation, the Magistrate Judge concluded that Walker's petition is procedurally barred because his claims were never properly presented to the Mississippi Supreme Court on appeal. Specifically, Walker's appeal was dismissed as untimely by the Mississippi Court of Appeals; therefore, because state remedies were not exhausted due to the petitioner's own procedural default, federal remedies are unavailable. The Magistrate Judge also determined that the merits of the petitioner's habeas claim may not be considered because he cannot show "cause and actual prejudice" or "fundamental miscarriage of justice." Report and Recommendation, p. 5 [docket entry no. 45]. That is, the petitioner failed to show any fault, external to his own, as support for his failure to file timely appeals with the state appellate court. Additionally, the Magistrate Judge

2

concluded that the petitioner cannot establish that a failure to review his claim would result in a "fundamental miscarriage of justice" because he plead guilty to the state charge; as a result, he cannot show that he did not commit the crime of conviction. For these reasons, the Magistrate Judge recommends that the petitioner's claim be dismissed with prejudice.

In his objections to the Report and Recommendation, Walker posits two arguments. First, he argues that the Magistrate Judge is prejudiced against him because the Magistrate Judge denied the petitioner's Motions for Recusal and because the Magistrate Judge failed to provide him with copies of all of the respondent's court filings. Second, Walker argues that since the filing of his habeas petition, the Mississippi Supreme Court has reversed its prior ruling and decided to rehear his appeal. Thus, Walker argues the Court should stay this case pending the outcome of his appeal.

In regard to Walker's first objection, the Court finds that it is without merit. The Magistrate Judge denied the petitioner's Motions for Recusal because the petitioner only expressed displeasure with the Magistrate Judge's rulings in other cases; he did not support the motions with an allegation of bias or a basis for recusal pursuant to 28 U.S.C. §§ 144 or 455. See Docket Entry No. 8. In addition, the plaintiff received a copy of the respondent's answer [docket entry no. 14], which was filed on February 6, 2009. The other documents filed by the respondent were

copies of the state court record which required no response from the petitioner. Therefore, he was not prejudiced by these filings.

As to Walker's second objection, the Court finds that this argument re-enforces the Report and Recommendations. Walker states that the Mississippi Supreme Court has re-opened his case which was previously dismissed as untimely. As a result, Walker's state court remedies have not been exhausted as a prerequisite for federal habeas relief pursuant to 28 U.S.C. § 2254.

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the plaintiff's objections, the Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 45] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the petitioner's objections [docket entry no. 47] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the plaintiff's Writ for Petition of Habeas Corpus [docket entry no. 1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this the 12th day of May 2010.

                                          s/ David Bramlette
                                        **UNITED STATES DISTRICT JUDGE**